# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TROY KARPOVICH, as guardian of
MICHAEL R. KARPOVICH, a legally-
incapacitated person,

              Plaintiff,                 Case No. 2:18-cv-12247-SFC-DRG
                                        Honorable Sean F. Cox

v.

CITY OF DETROIT, a municipal corporation,
JAMES E. CRAIG, in his official capacity,
DETROIT BOARD OF POLICE COMMISSIONERS,
TIMOTHY L. LEACH, FREDERICK E.
PERSON, DETROIT POLICE OFFICERS
JOHN DOES 1 – 5, in their individual and
official capacities, TIMOTHY L. LEACH
d/b/a T. LEACH ENTERPRISE, and
EIGHTH STREET VENTURES, LLC,
d/b/a Ottava Via,

              Defendants.

> **PLAINTIFF, TROY KARPOVICH'S, RESPONSE TO DEFENDANT, FREDERICK E. PERSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND (c).**
>
> **ORAL ARGUMENT REQUESTED**

_____/

| | |
|---|---|
| **JENNIFER G. DAMICO P-51403** | **MICHAEL T. RYAN P-53634** |
| **HOLLAND C. LOCKLEAR P-82236** | **CLIFFORD G. PREBAY P-59444** |
| MIKE MORSE LAW FIRM | MERRY, FARNEN & RYAN, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant Eight Street |
| 24901 Northwestern Highway, Suite 700 | Ventures LLC d/b/a Ottava Via |
| Southfield, Michigan 48075 | 300 Maple Park Blvd., Suite 301 |
| (248) 350-9050; Fax: (248) 281-9110 | St. Clair Shores, MI 48081 |
| jdamico@855mikewins.com | (586) 776-6700; Fax (586) 776-1501 |
| hlocklear@855mikewins.com | mryan@mfr-law.com |
| | cprebay@mfr-law.com |

**SCOTT L. FEUER P-38185**
Attorney for Defendant Frederick E.
Person
888 West Big Beaver Rd., Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
Fax (248) 723-7857
sfeuer@fklawyers.com

**JOHN J. GILLOOLY P-41948**
**JOHN E. MCSORLEY P-17557**
GARAN LUCOW MILLER, P.C.
Attorneys for Defendant Timothy Leach
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com
jmcsorley@garanlucow.com

**EDWARD V. KEELEAN P-29131**
CITY    OF    DETROIT    LAW
DEPARTMENT
Attorney for Defendants City of Detroit,
James E. Craig and Detroit Board of
Police Commissioners
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3059; Fax (313) 224-5505
keele@detroitmi.gov

_____/

NOW COMES Plaintiff, TROY KARPOVICH, as guardian of Michael Karpovich, a legally-incapacitated person, through his attorneys, The Mike Morse Law Firm, PLLC, and for his Response to Defendant, Frederick E. Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c), states the following:

1.     Plaintiff, Troy Karpovich, as guardian of Michael Karpovich, a legally-incapacitated person ("Plaintiff"), admits only that Defendant Frederick E. Person ("Defendant Person") moves for dismissal by this Honorable Court in lieu of filing an Answer to Plaintiff's Complaint.

2.     Plaintiff denies the allegations in Paragraph two (2) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

3.     Plaintiff denies any admission that Michael Karpovich ("Karpovich") "was *grossly* intoxicated, was being escorted out of the bar by defendant Timothy Leach," as alleged in Paragraph three (3) of Defendant Person's Motion to Dismiss, for the reasons forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

4.     Plaintiff neither admits or denies the allegations contained in Paragraph four (4) of Defendant Person's Motion to Dismiss, for lack of information, belief and an opportunity to conduct discovery.

5.     Plaintiff admits the allegations contained in Paragraph five (5) of Defendant Person's Motion to Dismiss insofar as Karpovich's *initial* injuries were caused by Co-Defendant, Timothy L. Leach ("Leach"), who used excessive force when he violently shoved Karpovich with both hands, and his full body weight, causing him to strike his head on the concrete floor, and to sustain serious, life-threatening injuries. *See, Complaint,* Docket Entry #1, ¶¶ 118-126.[1]

6.     Plaintiff admits the allegations contained in Paragraph six (6) of Defendant Person's Motion to Dismiss only to the extent that Plaintiff has not alleged that Defendant Person assaulted Karpovich and caused his *initial* injuries.  However, Plaintiff has sufficiently plead, in his Complaint, that Defendant Person's actions, and/or inactions, after the initial use of excessive force by Co-Defendant Leach, violated Karpovich's constitutionally-protected rights, and state law, and those violations were a proximate cause of Karpovich's damages, as more fully set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

---

[1] Any exhibit that has been filed with the Court and is part of the record of this case will be identified by its docket number, abbreviated as "Doc. #".

7.      Plaintiff denies the allegations contained in Paragraph seven (7) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

8.      Plaintiff denies the allegations contained in Paragraph eight (8) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

9.      Plaintiff admits only that Defendant Person accurately cites controlling case law.

10.     Plaintiff denies the allegation contained in Paragraph ten (10) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

11.     Plaintiff denies the allegations contained in Paragraph eleven (11) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

12.     Plaintiff denies the allegations contained in Paragraph twelve (12) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

13      Plaintiff denies the allegations contained in Paragraph thirteen (13) for the reasons set forth in his Brief in Opposition to Defendant Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

14.     Plaintiff admits.

WHEREFORE, Troy Karpovich, as guardian of Michael Karpovich, a legally-incapacitated person, respectfully requests This Honorable Court deny Defendant Frederick E.

Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c) for the reasons stated

above and in his Brief in Opposition.

Respectfully submitted,

MIKE MORSE LAW FIRM, PLLC

BY:    /s/ Jennifer G. Damico_____
             JENNIFER G. DAMICO (P51403)
             Attorneys for Plaintiff
             24901 Northwestern Highway
             Southfield, MI  48075
             Ph.  (248) 350-9050
             Fax (248) 281-9110
             jdamico@855mikewins.com

September 28, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TROY KARPOVICH, as guardian of
MICHAEL R. KARPOVICH, a legally-
incapacitated person,

       Plaintiff,                 Case No. 2:18-cv-12247-SFC-DRG

                                    Honorable Sean F. Cox

v.

CITY OF DETROIT, a municipal corporation,
JAMES E. CRAIG, in his official capacity,
DETROIT BOARD OF POLICE COMMISSIONERS,
TIMOTHY L. LEACH, FREDERICK E.
PERSON, DETROIT POLICE OFFICERS
JOHN DOES 1 – 5, in their individual and
official capacities, TIMOTHY L. LEACH
d/b/a T. LEACH ENTERPRISE, and
EIGHTH STREET VENTURES, LLC,
d/b/a Ottava Via,

> **PLAINTIFF, TROY KARPOVICH'S,
> BRIEF IN OPPOSITION TO
> DEFENDANT, FREDERICK E.
> PERSON'S MOTION TO DISMISS
> PURSUANT TO FED. R. CIV. P.
> 12(b)(6) AND (c).**

           Defendants.

_____/

| JENNIFER G. DAMICO P-51403 | MICHAEL T. RYAN P-53634 |
|---|---|
| **HOLLAND C. LOCKLEAR P-82236** | **CLIFFORD G. PREBAY P-59444** |
| MIKE MORSE LAW FIRM | MERRY, FARNEN & RYAN, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant Eight Street |
| 24901 Northwestern Highway, Suite 700 | Ventures LLC d/b/a Ottava Via |
| Southfield, Michigan 48075 | 300 Maple Park Blvd., Suite 301 |
| (248) 350-9050; Fax: (248) 281-9110 | St. Clair Shores, MI 48081 |
| jdamico@855mikewins.com | (586) 776-6700; Fax (586) 776-1501 |
| hlocklear@855mikewins.com | mryan@mfr-law.com |

**SCOTT L. FEUER P-38185**
Attorney for Defendant Frederick E.
Person
888 West Big Beaver Rd., Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
Fax (248) 723-7857
sfeuer@fklawyers.com

**JOHN J. GILLOOLY P-41948**
**JOHN E. MCSORLEY P-17557**
GARAN LUCOW MILLER, P.C.
Attorneys for Defendant Timothy Leach
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com
jmcsorley@garanlucow.com

**EDWARD V. KEELEAN P-29131**
CITY      OF      DETROIT      LAW
DEPARTMENT
Attorney for Defendants City of Detroit,
James E. Craig and Detroit Board of
Police Commissioners
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3059; Fax (313) 224-5505
keele@detroitmi.gov

_____/

## <u>TABLE OF CONTENTS</u>

ISSUES PRESENTED…………………….......................................................... ii

STATEMENT OF FACTS…………………….…………………………………  1

CONTROLLING OR MOST APPROPRIATE AUTHORITY………………………..  7

ARGUMENT…..…………………………………………………………………..  11

      I.     PLAINTIFF HAS PLEAD SUFFICIENT FACTUAL ALLEGATIONS THAT DEFENDANT PERSON WAS ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW...………………………………………..  11

      II.    PLAINTIFF HAS PLEAD SUFFICIENT FACTUAL ALLEGATIONS THAT DEFENDANT PERSON WAS DELIBERATELY INDIFFERENT TO MICHAEL KARPOVICH'S SERIOUS MEDICAL NEEDS………..  13

      III.   PLAINTIFF HAS PLEAD SUFFICIENT FACTUAL ALLEGATIONS THAT DEFENDANT PERSON'S ACTIONS AND/OR INACTIONS WERE A PROXIMATE CAUSE OF THE DAMAGES SUSTAINED BY MICHAEL KARPOVICH…………………………………………...  18

      IV.   PLAINTIFF'S ALTERNATIVE THEORY OF LIABLITY AGAINST DEFENDANT PERSON, FOR GROSS NEGLIGENCE, IS ALLOWABLE PURUANT TO FED. R. CIV. P. 8(d)……………………  19

RELIEF REQUESTED……………………………………………………………  21

INDEX OF AUTHORITIES……………………………………………………. iii, iv, v

## ISSUES PRESENTED

1.    Does Plaintiff's Complaint set forth sufficient factual allegations, if accepted as true, that Defendant Person was acting under the color of state law, and therefore, Defendant's Motion to Dismiss should be denied?

      Plaintiff answers:        yes.

      Defendant answers:    no.

2.    Does Plaintiff's Complaint set forth sufficient factual allegations, if accepted as true, that Defendant Person was deliberately indifferent to Michael Karpovich's serious medical needs, and therefore, Defendant's Motion to Dismiss should be denied?

      Plaintiff answers:        yes.

      Defendant answers:    no.

3.    Does Plaintiff's Complaint set forth sufficient factual allegations, if accepted as true, that Defendant Person's actions and/or inactions were a proximate cause of the injuries and damages sustained by Michael Karpovich, thereby precluding dismissal of Plaintiff's Complaint?

      Plaintiff answers:        yes.

      Defendant answers:    no.


4.    Does Plaintiff's Complaint alleging an alternative theory of liability against Defendant Person, for Gross Negligence, comply with Fed. R. Civ. R. 8(d) and 12(b)(6), thereby precluding dismissal of Plaintiff's Complaint?

      Plaintiff answers:        yes.

      Defendant answers:    no.

# STATEMENT OF FACTS

## I.    INTRODUCTION

Plaintiff, Troy Karpovich, is the brother and legal guardian of Michael Karpovich, age 41 on March 11, 2018.  Plaintiff's 238-paragraph Complaint, filed on July 18, 2018, contains 11 ½ pages dedicated to the incident that caused serious, permanent and life-altering injuries to Michael Karpovich ("Karpovich" hereinafter)(Doc. # 1). The Complaint further references 22 documents that were filed as exhibits to the Complaint on August 29, 2018 (Doc. # 22).  Notably, for the past six (6) months, Plaintiff has been effectively denied access by Co-Defendant, City of Detroit ("COD"), in efforts to obtain basic information including the incident report, the video capturing the incident, and investigational documents generated by the Detroit Police Department ("DPD"), its Internal Affairs Department and/or the outside task force ultimately assigned to investigate this incident.  (Ex. 1 – Declaration of Attorney Jennifer G. Damico).  The COD responded to Plaintiff's first Freedom of Information Act ("FOIA") by requiring a 50% deposit of its estimated charges of $9,882.89 to initiate the gathering process.  *Id*. (*See also,* Ex. 3 and 4).  The COD did not respond to Plaintiff's second FOIA request.  (Ex. 5).

On September 14 and 27, 2018, the Preliminary Hearing for Defendants Person and Timothy L. Leach took place at 3rd Circuit Court for Wayne County, Michigan; the Honorable Deborah Langston presiding.[2]  This was the first time that Plaintiff was permitted to view the video surveillance capturing the incident and to hear testimony regarding the investigation.

---

[2] Defendant Person was "bound-over" on charges of: obstruction of justice (five-year felony), neglect of duty (one-year misdemeanor), and tampering with evidence (four-year felony)(Doc. # 1 and 22 (Ex. 23)).

## II.   <u>THE INCIDENT</u>

Paragraphs 104 through 163 of Plaintiff's Complaint are detailed, factual allegations of Plaintiff's Complaint regarding the incident (Doc. #1).  Plaintiff alleges that on or before March 11, 2018, Co-Defendant, Eighth Street Ventures, d/b/a Ottava Via ("Ottava Via") hired Defendants, Leach, T. Leach Enterprise, Person and unidentified Detroit Police Officers, to provide doorman, crowd control and management services for its annual St. Patrick's Day party entitled "Let's Get Ready to Stumble."  (Doc. #1, ¶¶104-108).[3] During the afternoon, Karpovich, who was intoxicated, was involved in a non-physical argument with another patron.  *Id.* at ¶118. A review of the surveillance video shows that at approximately 3:30 p.m., Co-Defendant Leach was talking to Karpovich face-to-face at close range, at the end of bar towards the back of the restaurant.  Upon information and belief, Karpovich, disoriented, attempted to strike Leach with an open palm.  It is unclear from the video whether Karpovich's palm ever made contact with Co-Defendant Leach (Ex. 1). Co-Defendant Leach, using a police restraint technique, or "compliance control" known as a "joint lock," spun Karpovich around, bent one of Karpovich's arms, at the elbow, behind his back, and pushed him forcefully towards the front of the restaurant (Doc. #1, ¶120; Doc. #22, Ex. #6).[4] At that moment, Karpovich was effectively seized and in the custody and control of Co-Defendant Leach.

---

[3] At Defendant Person's September 14, 2018 Preliminary Hearing, Gregory Pace, one of Defendants Person and Leach's "team members" provided testimony corroborating the allegations set for in Plaintiff's Complaint.  Plaintiff cannot secure the transcript of his testimony in Defendants' ongoing criminal matter but refers the Court to the Declaration of Jennifer G. Damico (Ex. 1).

[4] This information was initially obtained from a meeting with Detroit Police Department Sergeant Todd Eby, from the Homicide Task Force on March 29, 2018 (Ex. 1).  However, the video surveillance, reviewed by Plaintiff and Plaintiff's counsel at Defendants' Preliminary Hearing, corroborates the allegations in Plaintiff's Complaint, and confirms that the assault by Co-Defendant Leach occurred at 3:29 p.m. and confirms how the incident occurred (Ex. 1).

Co-Defendant Leach shoved Karpovich as he pushed him towards the door.  Karpovich stumbled but regained his composure.  At no time did Karpovich fight back, strike, provoke, assault or otherwise attack Leach or any other patron (Doc. #1, ¶122, fn. 1).  Leach then used both arms, with his full body weight, and shoved Karpovich in the chest with such force that witnesses said that his body became airborne. *Id.* at ¶125.  Karpovich fell backwards, slamming the back of his head on the concrete dining room floor.  As he lay on the floor bleeding from his head wound, neither Leach nor Person rendered first aid (Ex. 1).  Leach, instead, grabbed Karpovich's arms, pulled them over his head and attempted to drag him out of the front door of the restaurant (where Person was "working the door" with Gregory Pace), causing additional, life-threatening injuries (Doc. #1, ¶¶126-127 and Ex. 1).

Karpovich laid on the ground bleeding profusely from his head.[5]  Gregory Pace, at the September 14, 2018 preliminary hearing, testified that after the assault, Co-Defendant Leach came to the front of Ottava Via, where he and Defendant Person were "checking ID's" and applying wrist bands to patrons.  (Ex. 1).  He further testified that Leach told him and Defendant Person that he needed assistance escorting a "belligerent patron" out of the restaurant. *Id.*

In addition to blood coming from his head, witnesses stated that Karpovich was "gurgling", and that his eyes were "rolling back in his head" and that he was "in and out our consciousness" (Doc. #1, ¶130).  Neither Defendant Leach nor Person called for medical assistance.  Neither

---

[5] This information initially came from witnesses who have been interviewed by Plaintiff's counsel and provided statements to various media outlets.  They will be disclosed in Plaintiff's Initial Fed. R. Civ. P. 26(a)(1)(A) disclosures.  It has now been verified by Plaintiff and Plaintiff's counsel who have viewed the video surveillance (Ex. 1).

Defendant Leach nor Person, trained in basic life support, rendered any aid to Karpovich. *Id.* at ¶132-133; Ex. 1. **The video shows Person coming inside the restaurant to inspect the scene and Karpovich on the floor.** Ex. 1.

As stated above, video surveillance from Ottava Via confirms that the assault occurred at 3:29 p.m. The first responders, Hart EMS, did not arrive at the scene until 3:44 p.m. - 15 minutes later. (Ex. 2 – Hart EMS Prehospital Care Report). DPD patrol officer, Marcus Harris, testified at Defendants' Preliminary Hearing on September 27, 2018. He testified that when he arrived at Ottava Via, Defendant Person told him that "a drunk patron had to be thrown out of the bar and he fell on the sidewalk." Ex. 1. It is unknown if this occurred before or after EMTs arrived at Ottava Via.

**It was during this 15-minute period, after the initial use of excessive force, that Defendant Person (along with Co-Defendants) violated Karpovich's constitutional rights and state law**. Specifically, Person and Co-Defendants, acting together, illegally detained Karpovich, falsely imprisoned him, were deliberately indifferent to his objective serious medical needs, failed to respond to his objective serious medical needs, intentionally denied, delayed and/or interfered with medical care and/or medical assistance, and/or were grossly negligent, all of which were a proximate cause of his injuries and damages.[6] All of these actions and/or inactions were done under the color or authority of state law. Based upon witness statements, Co-Defendants Leach and Person's actions and inactions, from the time of the assault by Leach, until the time that the

---

[6] In deciding which amendment supplies the rights to an individual, the Fourth, Eighth, or Fourteenth, depends on whether the plaintiff was a: 1) free citizen, 2) convicted prisoner, or 3) somewhere in between. *Lanman v. Hinson,* 529 F.3d. 673, 680-81 (6th Cir. 2008). The Fourth Amendment applies to the first category, and to Karpovich, a free citizen at the time of his illegal seizure by Co-Defendant Leach. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed. 443 (1989). The Fourteenth applies thereafter. *Id. See,* Argument, Section II, *infra.*

emergency medical technicians arrived on the scene, caused further damages to Karpovich. (Doc.

#1, ¶142; Ex. 2).

As a direct and proximate cause of the actions and inactions of Defendants, including

Person, Karpovich sustained a severe traumatic brain injury, including, but not limited to: a

complex right temporal bone fracture with pneumocephalus, diffuse brain hemorrhaging, severe

increased intracranial pressure requiring an emergency craniectomy and skull removal to relieve

brain pressure, complications from brain surgery, epileptic seizures, infections, muscle wasting,

additional brain surgeries, permanent scarring and disfigurement, persisting neurological damages,

and other physical, emotional and economic damages.

### III.   FACTUAL ALLEGATIONS AGAINST DEFENDANT PERSON

With respect to Defendant, Frederick D. Person, Plaintiff has alleged the following in his

Complaint:

- On March 11, 2018, Person was a DPD detective;
- Person was working at Ottava Via with the express and/or implied consent of the City of Detroit pursuant to the City's "Off-Duty Outside Employment" policy[7];
- Person was acting under the color of state law in his capacity as a sworn DPD officer;
- Person drove his department-issued vehicle to Ottava Via on March 11, 2018;
- Person carried his department-issued badge/identification to Ottava Via on March 11, 2018;
- Person carried his department-issued firearm to Ottava Via on March 11, 2018;
- After the first assault, but before the second assault by Leach, Person failed to intervene and prevent Leach assaulting him again;
- Person denied, delayed and interfered with Karpovich receiving medical care by telling Marcus Harris that a patron was thrown out and fell on the sidewalk, thereby causing further injury to Karpovich;
- Person denied, delayed and interfered with Karpovich receiving medical care as he did not render any medical assistance or first aid to Karpovich while Karpovich was detained;

---

[7] Doc. # 22, Ex. # 2- DPD Policy Directive, 102.3 CODE OF CONDUCT, 102.3-8 OFF DUTY EMPLOYMENT.

- Person, rather than rendering assistance or calling for help, commanded, instructed, and/or guided other officers and/or Ottava Via employees to write false statements regarding the fall, and erase cellular telephone videos and/or text messages regarding the incidents;
- That Person was deliberately indifferent to Karpovich's serious medical needs and that his deliberate indifference violated Karpovich's constitutional rights in that his medical condition was objectively serious;
- That Person was deliberately indifferent to Karpovich's serious medical needs and that his deliberate indifference violated Karpovich's constitutional rights in that his medical condition was subjectively known to be serious to Defendant Person based what he saw, what Co-Defendant Leach told him, and his actions after the incident;
- That by all the actions and in actions as specifically plead in the Complaint, in the alternative, Person falsely imprisoned Karpovich, under Michigan law; and
- That also in the alternative, as specifically plead in the Complaint, Person's conduct, acts and/or omissions amounted to gross negligence, or willful and wanton misconduct.

As a direct and proximate cause of the actions and inactions of Defendant Person, during this 15-minute period, after the initial illegal seizure, detention and assault by Co-Defendant Leach, Karpovich sustained a severe traumatic brain injury, including, but not limited to: a complex right temporal bone fracture with pneumocephalus, diffuse brain hemorrhaging, severe increased intracranial pressure requiring an emergency craniectomy and skull removal to relieve brain pressure, complications from brain surgery, epileptic seizures, infections, muscle wasting, additional brain surgeries, permanent scarring and disfigurement, persisting neurological damages, and other physical, emotional and economic damages.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### A.   FED. R. CIV. P. 12(b)(6) AND (c)

A motion to dismiss for failure to state a claim is disfavored, especially when one's civil rights are at stake. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976).

Defendant, Frederick E. Person seeks dismissal on the pleadings in lieu of answering Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6) and (c).  To survive this motion, Plaintiff's Complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007).  A complaint does not "suffice if it tenders" naked assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009)(quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966).

Fed. R. Civ. P. 12(c) provides in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511–12 (6th Cir. 2001). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." *Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973).  See also *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001) (the court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [a] claim that would entitle [the plaintiff] to relief.").

Generally, a complaint does not need to contain "detailed factual allegations," although its allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007). "Blanket assertions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. *Twombly,* 550 U.S. at 555, 556 n. 3. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570). The factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949–50. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not continence dismissal based on a judge's disbelief of the plaintiff's factual allegations. *Twombly,* 127 S.Ct. at 1964-1965.

The court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir.  2001)(*emphasis supplied).* However, presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment under Fed. R. Civ. P. 56. *Max Arnold & Sons, LLC v. W.L. Hailey & Co.,* 452 F.3d 494, 503 (6th Cir. 2006), citing *Moody v. United States,* 774 F.2d 150, 155 n. 5 (6th Cir. 1985) The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the

complaint by reference, and matters which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed.2d 179 (2007).

    **B.**    __FED. R. CIV. P. 56(b), (c) AND (d)__

    Fed. R. Civ. P. 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also, McLean v. 988011 Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson v Liberty Lobby, Inc*, 477 U.S. 242, 248, 252; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986). Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean,* 224 F.3d at 800 (citing *Anderson,* 477 U.S. at 252).

    Although Fed. R. Civ. P. 56(b) allows a party to file for summary judgment "at any time," generally, summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.  *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 299, 231-32 (6th Cir. 1994)("Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery…. In the instant case, we find that the grant of summary judgment,

absent *any* opportunity for discovery is such a misuse.")

The non-movant bears the responsibility to inform the court if its need for discovery, by filing an affidavit or declaration pursuant to Fed. R. Civ. P. 56(d), which provides:

> (d) When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to to take discovery; or
> > (3) issue any other appropriate order.

While Plaintiff maintains that his Complaint is factually sufficient and Defendant Person's Motion to Dismiss should be denied, Plaintiff's counsel has submitted a Declaration, Exhibit 1, specifying what discovery Plaintiff intends to conduct regarding each count alleged in the Complaint against Defendant Person.

## C.    FED. R. CIV. P. 8(d)

The Federal Rules of Civil Procedure explicitly allow pleading alternative claims or theories, and a "pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(3). Furthermore, "a party may state as many separate claims or defenses as it has, regardless of consistency."  *Id.*  Notably, "a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims.  *Detroit Tigers, Inc. v. Ignite Sports Media, LLC*, 203 F.Supp.2d 789, 793 (E.D. Mich. 2002).

## ARGUMENT

## I.   PLAINTIFF HAS PLEAD SUFFICIENT FACTUAL ALLEGATIONS THAT DEFENDANT PERSON WAS ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW.

To state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that Defendant Person, acting under the color of state law, deprived Michael Karpovich of a constitutional right.  *West v. Adkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.*Ed.*2d 40 (1988); *Harris* v. *City of Circleville*, 583 F.3d. 356, 364 (6th Cir. 2009).  In his Complaint, Plaintiff alleged that Person, although off duty at the time, was acting under the color of law, and violated Karpovich's Fourth and Fourteenth Amendment rights.  (*See* Plaintiff's Complaint, Doc. #1).  The United States Supreme Court held that acting under color of state law requires that the defendant in a § 1983 action have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49, 108 S.Ct. 2250.  The Sixth Circuit addressed the question of whether a police officer is acting under color of law when, off duty, and out of uniform, if he acts as a private citizen, in *Stengel v. Belcher*, 522 F.2d. 438 (6th Cir. 1975). In *Stengel,* the court of appeals explained the factors involved in determining whether the officer was acting under color of law, stating: "[i]t is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law."  *Id.* at 440-41.

Here, the Court must accept the following factual allegations plead in Plaintiff's Complaint against Defendant Person as true, demonstrating that he was acting under the color of state law:

- •   On March 11, 2018, Person was a DPD detective;
- •   Person was working at Ottava Via with the express and/or implied consent of the City of Detroit pursuant to the City's "Off-Duty Outside Employment" policy;

- This was the third year that Defendant Person had worked at Ottava Via during the St. Patrick's Day Parade providing crowd control and doorman services with T. Leach Enterprise;
- Numerous off-duty Detroit officers were working in Corktown at restaurants and bars pursuant to the department's "Outside Employment" policy;
- Person drove his department-issued vehicle to Ottava Via on March 11, 2018;
- Person carried his department-issued badge/identification to Ottava Via on March 11, 2018;
- Person carried his department-issued firearm to Ottava Via on March 11, 2018;
- After the first assault, but before the second assault by Leach, Person failed to intervene and prevent Leach assaulting him again;
- Person, a higher-ranking detective, denied, delayed and interfered with Karpovich receiving medical care by ordering a DPD patrol unit to leave Ottava Via and telling the unit that they were not needed, thereby causing further injury to Karpovich, in violation of DPD policies, specifically, the Code of Conduct;
- Person denied, delayed and interfered with Karpovich receiving medical care as he did not render any medical assistance or first aid to Karpovich while Karpovich was detained, in violation of DPD policies, specifically, the Code of Conduct;
- Person, a DPD detective, rather than rendering assistance or calling for help, exercising his police authority, commanded, instructed, and/or guided other officers and/or Ottava Via employees to write false statements regarding the fall, and erase cellular telephone videos and/or test messages of the incidents;
- Person, exercising his police authority, blockaded and secured the front entrance of the Ottava Via Restaurant after the assault, preventing any patrons from entering or leaving, in order to conspire with Co-Defendants in the tampering and destruction of evidence that ensued;
- Person, using his police authority, falsely imprisoned Karpovich after the assault by blockading and securing the front entrance of the Ottava Via Restaurant; and
- Person, using his police authority, prevented first responders from timely entering Ottava Via and rendering medical assistance.

(*See Complaint,* Doc. #1, ¶¶ 126 – 146; Doc. # 22, Ex. # 2 and #22; Ex. 1 – Declaration of Jennifer

G. Damico).

Based upon the foregoing, Plaintiff's Complaint, including the 22 exhibits referenced in the Complaint (and filed with the Court) and Plaintiff's counsel Declaration attached at Exhibit 1, satisfies the requirements set forth in Rules 8, 12 and 56 of the Federal Rules of Civil Procedure.

In this case, Plaintiff's Complaint clearly contains more than mere recitals of causes of action, and that Person acted under "color of law." His Complaint and Counsel's Declaration lay out a road map of discovery needed to prove his factual allegations against Defendant Person. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009). Plaintiff requests that This Honorable Court deny Defendant Frederick E. Person's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and (c).

## II.   PLAINTIFF HAS PLEAD SUFFICIENT FACTS THAT DEFENDANT PERSON WAS DELIBERATELY INDIFFERENT TO KARPOVICH'S SERIOUS MEDICAL NEEDS.

Defendant Person argues that Plaintiff's Complaint fails because Person had no legal duty to render aid Karpovich, and therefore, he could not be "deliberately indifferent" to his "serious medical needs." (Doc. #19, Def. Person's Motion to Dismiss, ¶ 11).

Person's argument, however, is contingent upon a finding by the Court, that he was a private citizen and not acting under the color of law at the time of the incident. Intertwined within this argument, Person claims that Count III - 42 U.S.C. §1983- Conspiracy to Deprive Plaintiff of Constitutional Rights Pursuant to the Fourth and Fourteenth Amendments, should also be dismissed.[8]

---

[8]This claim requires one additional element to Plaintiff's Count I - an "agreement" between one or more actors to deprive a plaintiff of his/her constitutional rights. *Hooks v. Hooks,* 771 F.2d 935, 944 (6th Cir. 1985); *Collyer v. Darling,* 98 F.3d 211 (6th Cir. 1996). An express agreement among the conspirators is not necessary to find the existence of a civil conspiracy, nor must each conspirator know all the details of each plan. *Hooks,* at 944.

First, for the reasons set forth in Section I, *supra*, genuine issues of material facts exist precluding a finding by This Honorable Court that Defendant Person was not a government official, acting under the color of law, and therefore, Defendant's argument fails.

Second, in his Complaint, which must be taken as true, Plaintiff alleged, among other things, that Person violated Michael Karpovich's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, which provides a cause of action against a government official who performs discretionary duties in a manner that deprives an individual of a right secured by the Constitution or the laws of the United States. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982). Qualified immunity is a shield to §1983 liability, and the plaintiff has the burden to show that a defendant is not entitled to it. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). To show that qualified immunity is not warranted, a plaintiff must demonstrate that: 1) undisputed evidence gives rise to a constitutional violation; and 2) the right was clearly established at the time of the incident. *Hensley v. Gassman*, 693 F.3d. 681, 687 (6th Cir. 2012).

Defendant Person argues that because Michael Karpovich was not a pretrial detainee, or a convicted prisoner, he cannot state a claim for deliberate indifference to a serious medical need. Doc. #19, pp. 22-23. In other words, Defendant Person believes that Plaintiff cannot demonstrate a constitutional right that was "clearly established" at the time of the alleged violations in his Complaint. This is simply untrue.

At the moment Co-Defendant Leach, using a police restraint technique, or "compliance control" known as a "joint lock," spun him around, bent his arm at the elbow, placed it behind his back, and pushed him forcefully towards the front of the restaurant, *Michael Karpovich was effectively seized and in the custody of Co-Defendant Leach within the meaning of the Fourth*

*Amendment*.    (Doc. #1, ¶120; Doc. #22, Ex. #6).[9]   "Under the 'clearly established' inquiry, the question is whether the right was "so clearly established that a reasonable official would understand that what he is doing violates that right." *Parsons v. City of Pontiac,* 533 F.3d 492, 500 (6th Cir. 2008).[10]

A claim for failure to provide medical care can be brought pursuant to the Fourth, Eight or Fourteenth Amendments. *Smith v. Erie County Sheriff's Dept.*, 603 Fed. Appx 414 (6th Cir. 2015)(Unpublished)(Ex. 6).  In deciding which amendment supplies the rights to an individual, it depends on whether the plaintiff was a: 1) free citizen, 2) convicted prisoner, or 3) somewhere in between.  *Lanman v. Hinson,* 529 F.3d 673, 680-81 (6th Cir. 2008); As it applies to Defendant Person, Karpovich was undisputedly a free citizen at the time of his illegal seizure by Co-Defendant Leach, and the Fourth Amendment governs all actions and inactions until the time he was transported to Detroit Receiving Hospital.  *Lanman,* 529 F.3d. at 681; *See also, Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed. 443 (1989).

Under the Fourth Amendment, the court applies an objective reasonableness test.  This test is "an easier standard for [a] plaintiff to meet" than the Fourteenth Amendment deliberate indifference test.  *Darrah v. City of Oak Park,* 255 F.3d 301, 307 (6th Cir. 2001).  To determine whether there is a Fourth Amendment violation, the courts look to the reasonableness of a

---

[9] This information was initially obtained from a meeting with Detroit Police Department Sergeant Todd Eby, from the Homicide Task Force on March 29, 2018 (Ex. 1).  However, the video surveillance, reviewed by Plaintiff and Plaintiff's counsel at Defendants' Preliminary Hearing, corroborates the allegations in Plaintiff's Complaint, and confirms that the assault by Co-Defendant Leach occurred at 3:29 p.m. (Ex. 1).

[10] The Sixth Circuit has adopted the standard that the Fourth Amendment's protection extends throughout the seizure of the person: "[T]he seizure that occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers." *Aldini v. Johnson,* 609 F.3d 858, 865 (6th Cir. 2010).

defendant's actions, not the underlying intent or motivation of a defendant. The court is required to "consider the reasonableness of an officer's actions in light of the totality of the circumstances, and from the perspective of a reasonable officer on the scene, rather than with the advantage of hindsight." *Durrah,* 255 F.3d at 307. ("Good intent does not mitigate unreasonable actions, as bad intent does not render reasonable behavior unconstitutional.") *Dunigan v. Noble*, 390 F. 3d 486, 493 (6th Cir. 2004).

In *Smith v. Erie County Sheriff's Dept*., 603 Fed. Appx 414 (6th Cir. 2015)(Unpublished), the court applied the Fourth Amendment objective reasonableness test, to a deliberate indifference claim for failure to provide medical treatment to a decedent who had been arrested but had not been through a probable cause hearing. *Smith,* 603 F.3d at 417 (Ex. 6). The court ultimately found that the defendants acted reasonably and upheld the trial court's dismissal. *Id.*

In the alternative, the Fourteenth Amendment controls. The Fourteenth Amendment Due Process Clause provides in part that: "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1, cl. 3. **"The Due Process Clause requires police officers to provide adequate medical care to individuals in police custody prior to criminal conviction.**" *Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L.Ed. 2d 605 (1983)(emphasis added); *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008).

Plaintiff has satisfied his burden under Fed. R. Civ. P. 12(b)(6) and (c) in alleging that: 1) Person was deliberately indifferent to Karpovich's serious medical needs under the Fourth or Fourteenth Amendments, and 2) there was a single plan between Person and Co-Defendants to deprive Karpovich of his Fourth and Fourteenth Amendment Rights, namely his right to medical care and attention; these are clearly established constitutional rights.

Again, the Court must accept the following factual allegations plead in Plaintiff's Complaint against Defendant Person as true, demonstrating his "deliberate indifference" to Michael Karpovich's serious medical needs and that Person acted with Co-Defendants to deprive him of his constitutionally-protected rights:

- After the first assault, but before the second assault by Leach, Person failed to intervene and prevent Leach assaulting him again;
- Karpovich's injuries were objectively serious as he was unconscious and bleeding from his head and Person subjectively knew that Karpovich had a serious medical need when he was asked by Co-Defendant Leach to help him remove a "belligerent patron" from the restaurant, after the assault;
- Person, a higher-ranking detective, denied, delayed and interfered with Karpovich receiving medical care by ordering a DPD patrol unit to leave Ottava Via and telling the unit that they were not needed, thereby causing further injury to Karpovich, in violation of DPD policies, specifically, the Code of Conduct;
- Person denied, delayed and interfered with Karpovich receiving medical care as he did not render any medical assistance or first aid to Karpovich while Karpovich was detained, in violation of DPD policies, specifically, the Code of Conduct;
- Person, a DPD detective, rather than rendering assistance or calling for help, exercising his police authority, commanded, instructed, and/or guided other officers and/or Ottava Via employees to write false statements regarding the fall, erase cellular telephone videos of the incidents, and/or text messages regarding the incident;
- Person, exercising his police authority, blockaded and secured the front entrance of the Ottava Via Restaurant after the assault, preventing any patrons from entering or leaving, in order to conspire with Co-Defendants in the tampering and destruction of evidence that ensued;
- Person falsely imprisoned Karpovich after the assault by blockading and securing the front entrance of the Ottava Via Restaurant; and
- Person prevented first responders from timely entering Ottava Via and providing medical assistance.

(*See Complaint,* Doc. #1, ¶¶ 126 – 146; Doc. # 22, Ex. # 2 and #22; Ex. 1 – Declaration of Jennifer G. Damico).

The facts alleged, *supra,* are sufficient to state a claim upon which relief can be granted, therefore, Defendant, Frederick E. Person's Motion to Dismiss should be denied.

17

## III. PLAINTIFF HAS PLEAD SUFFICIENT FACTUAL ALLEGATIONS THAT DEFENDANT PERSON'S ACTIONS AND/OR INACTIONS WERE A PROXIMATE CAUSE OF THE DAMAGES SUSTAINED BY MICHAEL KARPOVICH.

Defendant Person's argument essentially seeks to impose the summary judgment standard upon Plaintiff regarding causation where Plaintiff has been denied any opportunity to conduct meaningful discovery.  (Ex. 3, 4 and 5).  Despite this informational inequality between Plaintiff and Defendants, based upon Plaintiff's Complaint and the documents referenced in it, reasonable minds could clearly find that Person's actions or inactions were a proximate cause of Michael Karpovich's injuries and damages.  Specifically, Karpovich sustained a severe traumatic brain injury, including, but not limited to: a complex right temporal bone fracture with pneumocephalus, diffuse brain hemorrhaging, severe increased intracranial pressure requiring an emergency craniectomy and skull removal to relieve brain pressure, complications from brain surgery, epileptic seizures, infections, muscle wasting, additional brain surgeries, permanent scarring and disfigurement, persisting neurological damages, and other physical, emotional and economic damages.  (Doc. #1, ¶¶ 161-162, 174, 203, 211, 215, and 222).

As stated The Most Controlling Authority Section, *supra,* although Fed. R. Civ. P. 56(b) allows a party to file for summary judgment "at any time," generally, summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.  *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 299, 231-32 (6th Cir. 1994)("Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery…. In the instant case, we find that the grant of summary judgment, absent *any* opportunity for discovery is such a misuse.")

Exhibit 1, the Declaration of Plaintiff's Counsel, Jennifer G. Damico, sets forth the information sought through discovery that will disclose material facts that will prove or disprove that allegations against Defendant Person. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997)("a  plaintiff complaining that a district court granted summary judgment without allowing adequate discovery must, at a minimum, be able to show that he could obtain information through discovery that would disclose material facts.")

For all the reasons previously stated, Plaintiff vehemently maintains that dismissal based upon proximate cause where Plaintiff has been afforded no opportunity to conduct discovery would be patently unfair and hereby requests this Honorable Court deny Defendant, Frederick E. Person's Motion to Dismiss.

## IV.    PLAINTIFF'S ALTERNATIVE THEORY OF LIABLITY AGAINST DEFENDANT PERSON, FOR GROSS NEGLIGENCE, IS ALLOWABLE PURSUANT TO FED. R. CIV. P. 8(d).

Under Michigan law, a governmental employee acting within the scope of his authority is entitled to governmental immunity from tort liability unless the plaintiff can establish that the employee's actions amounted to gross negligence.  MCL §691.1407(2)(known at the "GTLA") states, in relevant part:

> (c)    The  . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage.  As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern whether injury result."

MCL §691.1407(2)(c).

To sustain a claim, Plaintiff must allege more than ordinary negligence.  *Maiden v. Rozwood*, 461 Mich. 109, 122; 597 N.W.2d 817 (Mich. 1999).  "Gross negligence" is defined by the GTLA as "conduct so reckless as to demonstrate as substantial lack of concern for whether

injury results." MCL §691.1407(8)(a).  Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent. *Chelsea Inv. Group LLC v. Chelsea*, 288 Mich. App. 239, 265; 792 N.W.2d 781 (Mich. 2010).

In addition to constitutional violations, in his Complaint, Plaintiff plead alternative theories of liability against Defendant Person: intentional torts of false imprisonment, assault and battery, and gross negligence.  The Federal Rules of Civil Procedure explicitly allow pleading alternative claims or theories, and a "pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(3).  Notably, "a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims.  *Detroit Tigers, Inc. v. Ignite Sports Media, LLC*, 203 F.Supp.2d 789, 793 (E.D. Mich. 2002).

Defendant Person partially misstates the factual allegations in Plaintiff's Complaint.  While it is true that Plaintiff alleges that Defendants were "grossly negligent in allowing this incident to occur," with respect to Person, Plaintiff has also: 1) plead in avoidance of qualified or governmental immunity, 2) alleged that Person's actions and/or inactions amounted to gross negligence in that his conduct demonstrated a willful disregard for substantial risk to the Plaintiff, and 3) alleged that Person's actions and/or inactions were done with reckless disregard to Plaintiff's safety, health, constitutional and/or statutory rights, and with substantial lack of concern to whether an injury resulted to Plaintiff. (Doc. #1, ¶¶ 218-221).

The claims against Defendant Person are not solely premised upon the intentional torts of assault, battery and false imprisonment as Person suggests. Plaintiff concedes that the **initial** Fourth Amendment violations, the illegal seizure and use of excessive force, were committed by Co-Defendant Leach.  However, Plaintiff has specifically alleged in his Complaint that Michael Karpovich's injuries and damages are not the result of one, single act, event or omission.  From

20

the time of the assault by Co-Defendant Leach, at approximately 3:29 p.m., until the Hart EMT's arrived on scene at 3:44 p.m., 15 minutes elapsed where Karpovich's federal and state statutory and common law rights were violated, multiple times, at the hands of Defendants, including Person.  (*See Complaint,* Doc. #1, ¶¶ 104 – 146; Doc. # 22, Ex. # 2 and #22; Ex. 1 – Declaration of Jennifer G. Damico).

As the record develops in discovery, Plaintiff may be forced to abandon one of his alternatively pled theories of recovery because, admittedly, no single set of facts will simultaneously support both claims.  However, at this stage of the proceedings, Plaintiff has met the requirements of Fed. R. Civ. P. (8)(d)(3) and Fed. R. Civ. P. 12(b)(6) and (c), and therefore, requests this this Honorable Court deny Defendant, Frederick E. Person's Motion to Dismiss.

## **RELIEF REQUESTED**

For the reason stated in his Response and Brief in Opposition to Defendant Frederick E. Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c), Plaintiff, Troy Karpovich, as guardian of Michael Karpovich, a legally-incapacitated individual, respectfully requests This Honorable Court deny Defendant's Motion.

Respectfully submitted,

MIKE MORSE LAW FIRM, PLLC

BY: /s/ Jennifer G. Damico
JENNIFER G. DAMICO (P51403)
Attorneys for Plaintiff
24901 Northwestern Highway
Southfield, MI  48075
Ph.  (248) 350-9050
Fax (248) 281-9110
jdamico@855mikewins.com

September 28, 2018

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2018, I electronically filed the foregoing paper with the clerk of the court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

MIKE MORSE LAW FIRM, PLLC

BY:    /s/ Jennifer G. Damico_____
JENNIFER G. DAMICO (P51403)
Attorneys for Plaintiff
24901 Northwestern Highway
Southfield, MI  48075
Ph.  (248) 350-9050
Fax (248) 281-9110
jdamico@855mikewins.com

September 28, 2018

22

<u>**INDEX OF AUTHORITIES**</u>

**CONSTITUTION**

U.S. Const. amend. XIV, §1, cl. 3. …………………………………………………………...16

**CASES**

*Aldini v. Johnson,* 609 F.3d 858, 865 (6th Cir. 2010)…………………………………………15

*Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir.  2001)…………………………………8

*Anderson v Liberty Lobby, Inc*, 477 U.S. 242, 248, 252; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986)…………………………………………………………………………………………...9

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009)………………………....7, 8,13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007)…………………………………………………………………………………………...7, 8

*Chelsea Inv. Group LLC v. Chelsea*, 288 Mich. App. 239, 265; 792 N.W.2d 781 (Mich. 2010)…………………………………………………………………………………………..20

*Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)………………………………14

*Collyer v. Darling,* 98 F.3d 211 (6th Cir. 1996)………………………………………………13

*Darrah v. City of Oak Park,* 255 F.3d 301, 307 (6th Cir. 2001)………………………………....15

*Detroit Tigers, Inc. v. Ignite Sports Media, LLC*, 203 F.Supp.2d 789, 793 (E.D. Mich. 2002)…...............................................................................................................................10, 20

*Dunigan v. Noble,* 390 F.3d 486, 493 (6th Cir. 2004)…………………………………………16

*First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)…9

*Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed. 443 (1989)……………..4, 15

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)……………14

*Harris* v. *City of Circleville*, 583 F.3d. 356, 364 (6th Cir. 2009)………………………………...11

*Hensley v. Gassman*, 693 F.3d. 681, 687 (6th Cir. 2012)………………………………………...14

*Hooks v. Hooks,* 771 F.2d 935, 944 (6th Cir. 1985)………………………………………...13

*Lanman v. Hinson,* 529 F.3d. 673, 680-81 (6th Cir. 2008)……………………………………4, 15

*Maiden v. Rozwood*, 461 Mich. 109, 122; 597 N.W.2d 817 (Mich. 1999)…………………………19

*Max Arnold & Sons, LLC v. W.L. Hailey & Co.,* 452 F.3d 494, 503 (6th Cir. 2006)……………...8

*McLean v. 988011 Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000)……………………………...9

*Moody v. United States,* 774 F.2d 150, 155 n. 5 (6th Cir. 1985)…………………………………...8

*Parsons v. City of Pontiac,* 533 F.3d 492, 500 (6th Cir. 2008)…………………………………...15

*Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008)……………………………………16

*Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001)…………………………………………9

*Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L.Ed. 2d 605 (1983)…….16

*Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997)…………………………………………19

*Smith v. Erie County Sheriff's Dept.*, 603 Fed. Appx 414 (6th Cir. 2015)…………………...15, 16

*Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973) …………………………………………………………………………………..7

*Stengel v. Belcher*, 522 F.2d. 438 (6th Cir. 1975)………………………………………………..11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed.2d 179 (2007)………………………………………………………………………….………...9

*Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)……………………………………..9, 18

*West v. Adkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.*Ed.*2d 40 1988)………………………11

*Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976)……………………………………………..7

*White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 299, 231-32 (6th Cir. 1994)…………9, 18

*Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511–12 (6th Cir. 2001)…………………….....7

**STATUTES**

42 U.S.C. §1983 ………………………………………………………………………11, 13, 14

MCL §691.1407(2)…………………………………………………………………………19

MCL §691.1407(2)(c)………………………………………………………………………19

MCL §691.1407(8)(a)………………………………………………………………………20

**RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8(d) …………………………………………………………………...ii, 10, 19

Fed. R. Civ. P. 8(d)(3)…………………………………………………………...10, 20, 21

Fed. R. Civ. P. 12(b)(6) …………………………………………………..ii, 7, 8, 13, 16, 21

Fed. R. Civ. P. 12(c) …………………………………………………... ii, 7, 8, 13, 16, 21

Fed. R. Civ. P. 26(a)(1)(A)…………………………………………………………………3

Fed. R. Civ. P. 56(b)…………………………………………………………………..9, 18

Fed. R. Civ. P. 56(c) ………………………………………………………………………9

Fed. R. Civ. P. 56(d) …………………………………………………………………...10