## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TROY KARPOVICH, as guardian of
MICHAEL R. KARPOVICH, a legally-
incapacitated person,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
JAMES E. CRAIG, in his official capacity,
DETROIT BOARD OF POLICE COMMISSIONERS,
TIMOTHY L. LEACH, FREDERICK E.
PERSON, DETROIT POLICE OFFICERS
JOHN DOES 1 – 5, in their individual and
official capacities, TIMOTHY L. LEACH
d/b/a T. LEACH ENTERPRISE, and
EIGHTH STREET VENTURES, LLC,
d/b/a Ottava Via,

        Defendants.

Case No. 2:18-cv-12247-SFC-DRG

Honorable Sean F. Cox
Magistrate David R. Grand

**PLAINTIFF'S MOTION TO**
**COMPEL RESPONSES TO**
**FIRST REQUEST FOR**
**PRODUCTION OF**
**DOCUMENTS TO DEFENDANT,**
**CITY OF DETROIT**

**ORAL ARGUMENT REQUESTED**

_____/

**JENNIFER G. DAMICO P-51403**
**HOLLAND C. LOCKLEAR P-82236**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050; Fax: (248) 281-9110
jdamico@855mikewins.com
hlocklear@855mikewins.com

**MICHAEL T. RYAN P-53634**
**REBECCA S. AUSTIN P-53919**
MERRY, FARNEN & RYAN, P.C.
Attorneys for Defendant Eight Street Ventures
LLC d/b/a Ottava Via
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
(586) 776-6700; Fax (586) 776-1501
mryan@mfr-law.com
raustin@mfr-law.com

**SCOTT L. FEUER P-38185**
Attorney for Defendant Frederick E. Person
888 West Big Beaver Rd., Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
Fax (248) 723-7857
sfeuer@fklawyers.com

**EDWARD V. KEELEAN P-29131**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants City of Detroit, James
E. Craig and Detroit Board of Police
Commissioners
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3059; Fax (313) 224-5505
keele@detroitmi.gov

**JOHN J. GILLOOLY P-41948**
**ANTHONY P. MONTICCIOLO P-76013**
GARAN LUCOW MILLER, P.C.
Attorneys for Defendant Timothy Leach
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com

**TIMOTHY L. LEACH**
ProSe for Timothy L. Leach dba T. Leach
Enterprise
13198 Stratford Drive
Sterling Heights, MI 48313
(313) 475-8564
leachenterprise@gmail.com

_____/

NOW COMES Plaintiff, TROY KARPOVICH, as guardian of MICHAEL R. KARPOVICH, a legally-incapacitated person, and for his Motion to Compel Responses to Plaintiff's First Request for Production of Documents, Electronically-Stored Information and Tangible Things, against Defendant, the City of Detroit, pursuant to Fed. R. Civ P. 34 and 37, hereby relies upon his accompanying brief and supporting documentation, and requests This Honorable Court grant the relief sought in his Motion, including reasonable expenses and an attorney's fee.

April 22, 2019

Respectfully submitted,

MIKE MORSE LAW FIRM

*/s/ Jennifer G. Damico*

By: _____
JENNIFER G. DAMICO P51403
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, MI 48075

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TROY KARPOVICH, as guardian of
MICHAEL R. KARPOVICH, a legally-
incapacitated person,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
JAMES E. CRAIG, in his official capacity,
DETROIT BOARD OF POLICE COMMISSIONERS,
TIMOTHY L. LEACH, FREDERICK E.
PERSON, DETROIT POLICE OFFICERS
JOHN DOES 1 – 5, in their individual and
official capacities, TIMOTHY L. LEACH
d/b/a T. LEACH ENTERPRISE, and
EIGHTH STREET VENTURES, LLC,
d/b/a Ottava Via,

        Defendants.

Case No. 2:18-cv-12247-SFC-DRG

Honorable Sean F. Cox
Magistrate David R. Grand

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL RESPONSES TO
FIRST REQUEST FOR
PRODUCTION OF
DOCUMENTS TO DEFENDANT,
CITY OF DETROIT**

/

**JENNIFER G. DAMICO P-51403**
**HOLLAND C. LOCKLEAR P-82236**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050; Fax: (248) 281-9110
jdamico@855mikewins.com
hlocklear@855mikewins.com

**MICHAEL T. RYAN P-53634**
**REBECCA S. AUSTIN P-53919**
MERRY, FARNEN & RYAN, P.C.
Attorneys for Defendant Eight Street Ventures
LLC d/b/a Ottava Via
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
(586) 776-6700; Fax (586) 776-1501
mryan@mfr-law.com
raustin@mfr-law.com

**SCOTT L. FEUER P-38185**
Attorney for Defendant Frederick E. Person
888 West Big Beaver Rd., Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
Fax (248) 723-7857
sfeuer@fklawyers.com

**EDWARD V. KEELEAN P-29131**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants City of Detroit, James
E. Craig and Detroit Board of Police
Commissioners
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3059; Fax (313) 224-5505
keele@detroitmi.gov

**JOHN J. GILLOOLY P-41948**
**ANTHONY P. MONTICCIOLO P-76013**
GARAN LUCOW MILLER, P.C.
Attorneys for Defendant Timothy Leach
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com

**TIMOTHY L. LEACH**
ProSe for Timothy L. Leach dba T. Leach
Enterprise
13198 Stratford Drive
Sterling Heights, MI 48313
(313) 475-8564
leachenterprise@gmail.com

_____/

## CONCISE STATEMENT OF ISSUES PRESENTED

A.  Whether Defendant, City of Detroit's, failure to respond to Plaintiff's First Request for Production of Documents, Electronically-Stored Information and Tangible Things is in violation of Fed. R. Civ. P. 34 and 37.

Plaintiff answers:  "yes"

Defendant answers:  "no"

B.  Whether Defendant, City of Detroit's failure to timely object to Plaintiff's First Request for Production of Documents, Electronically-Stored Information and Tangible Things, constitutes a waiver of any objections.

Plaintiff answers:  "yes"

Defendant answers:  "no"

C.  Whether the responses provided by Defendant, City of Detroit, were insufficient, incomplete, and in violation of Fed. R. Civ. P. 34 and 37.

Plaintiff answers:  "yes"

Defendant answers:   "no"

D.   Whether Plaintiff is entitled to an order compelling production of all documents requested in his First Request for Production of Documents, Electronically-Stored Information and Tangible Things, and award of reasonable expenses and an attorney's fees.

Plaintiff answers:   "yes"

Defendant answers:   "no"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R.  Civ. P. 34 –   Producing Documents, Electronically-Stored Information, and Tangible Things, or Entry Onto Land, for Inspection and Other Purposes.

Fed. R. Civ. P. 37 -   Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.

## I.     **STATEMENT OF FACTS**

### A.     **The Incident**

Plaintiff, Troy Karpovich, is the brother and legal guardian of Michael Karpovich ("Karpovich" hereinafter).  On March 11, 2018, Karpovich, age 41, sustained a life-altering traumatic brain injury when his constitutionally-protected rights were violated by Defendants. (ECF No. 1) Defendants, City of Detroit Police Commander, Timothy L. Leach ("Leach") and City of Detroit Police Detective, Frederick E. Person ("Person"), were working at Co-Defendant, Eighth Street Ventures, LLC, d/b/a Ottava Via ("Ottava Via") restaurant, as security guards, in an off duty capacity, during the annual St. Patrick's Day Parade and Ottava Via's party entitled "Let's Get Ready to Stumble." (ECF No. 1, ¶¶ 104-108)

During the afternoon, Karpovich, who was intoxicated, was involved in a non-physical argument with another patron.  *Id.* at ¶118.  A review of the surveillance video shows that at approximately 3:30 p.m., Co-Defendant Leach was talking to Karpovich face-to-face at close range, at the end of bar towards the back of the restaurant.  Upon information and belief, Karpovich, disoriented, attempted to strike Leach with an open palm.  It is unclear from the video whether Karpovich's palm ever made contact with Co-Defendant Leach.[1]  Co-Defendant Leach, using a police restraint technique, or "compliance control" known as a "joint lock," spun Karpovich around, bent one of Karpovich's arms, at the elbow, behind his back, and pushed him forcefully towards the front of the restaurant. (ECF No. 1, ¶12) At that moment, Karpovich was effectively seized and in the custody and control of Co-Defendant Leach. Co-Defendant Leach

---

[1] Defendant COD produced some audio recordings of interviews of witnesses at the Rule 26 Discovery Conference.  The witnesses' versions of events differ.  No depositions have transpired. However, as discussed herein, Defendant's responses are insufficient and do not comport with Fed. R. Civ. P. 34.

shoved Karpovich as he pushed him towards the door.   Karpovich stumbled but regained his composure.   At no time did Karpovich fight back, strike, provoke, assault or otherwise attack Leach or any other patron. (ECF No. 1, ¶122, fn. 1)  Leach then used both arms, with his full body weight, and shoved Karpovich in the chest with such force that witnesses said that his body became airborne. *Id.* at ¶125.  Karpovich fell backwards, slamming the back of his head on the concrete dining room floor.  As he lay on the floor bleeding from his head wound, neither Leach nor Person rendered first aid.   Leach, instead, grabbed Karpovich's arms, pulled them over his head and attempted to drag him out of the front door of the restaurant (where Person was "working the door" with security team member, Gregory Pace), causing additional, life-threatening injuries (ECF No. 1, ¶¶126-127)(*See also,* Plaintiff's Response to Defendant, Frederick E. Person's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and (c))(ECF No. 26)

Karpovich laid on the ground bleeding profusely from his head.[2] Witnesses stated that Karpovich was "gurgling", and that his eyes were "rolling back in his head" and that he was "in and out our consciousness." (ECF No. 1, ¶130)  Neither Defendant Leach nor Person called for medical assistance.  Neither Defendant Leach nor Person, rendered any aid to Karpovich.  *Id.* at ¶132-133.

While Detroit Police officers arrived on the scene after several witnesses called "911", Defendants, Leach, Person and employees of Ottava Via, acted in concert to deceive, lie and cover up the assault on Karpovich by Leach, by: drafting false statements and/or giving false statements

---

[2] This information initially came from witnesses who have been interviewed by Plaintiff's counsel and provided statements to various media outlets.  They were disclosed in Plaintiff's Initial Fed. R. Civ. P. 26(a)(1)(A) disclosures which due March 19, 2019.  Fed. R. Civ. P. 26(a)(1)(C).  Only Plaintiff and Co-Defendant Person complied with this Court's Order and the initial disclosure mandatory requirements.

to investigators, deleting and/or destroying text and/or cellular telephone messages from department-issued equipment and failing to report the serious use of force incident in violation of department policies and procedures.[3]  Both Leach and Person face trial on felony charges because of this assault.

As a direct and proximate cause of the actions and inactions of Defendants, including Leach, Person, T. Leach Enterprise, the City of Detroit, James E. Craig, the Board of Police Commissioners and employees of Ottava Via, Karpovich sustained a severe traumatic brain injury, including, but not limited to: a complex right temporal bone fracture with pneumocephalus, diffuse brain hemorrhaging, severe increased intracranial pressure requiring an emergency craniectomy and skull removal to relieve brain pressure, complications from brain surgery, epileptic seizures, infections, muscle wasting, additional brain surgeries, permanent scarring and disfigurement, persisting neurological damages, and other physical, emotional and economic damages.

Plaintiff's complaint is composed of the following counts: 1) 42 U.S.C. §1983 – excessive force in violation of the Fourth and Fourteenth Amendments, against Defendants, Leach, T. Leach Enterprise, 2) 42 U.S.C. §1983- deliberate indifference to unconstitutional policies, practices and customs by systematic failure to supervise, monitor, train, investigate, report, and discipline officers in violation of the Fourth and Fourteenth Amendments ("Monell Claim"), against Defendants, City of Detroit, James E. Craig, and the Board of Police Commissioners; and 3) 42 U.S.C. §1983- conspiracy to deprive Plaintiff of constitutional rights pursuant to the Fourth and

---

[3] On September 14 and 27, 2018, the Preliminary Hearing for Defendants Person and Timothy L. Leach took place at 3rd Circuit Court for Wayne County, Michigan; the Honorable Deborah Langston presiding. This was the first time that Plaintiff was permitted to view the video surveillance capturing the incident and to hear testimony regarding the investigation.

Fourteenth Amendments, against Defendants, Leach, Person and Ottava Via. (ECF No. 1, ¶¶ 164-203)[4]

**B.      Procedural History and Plaintiff's Discovery Requests to the City of Detroit**

The parties entered a Stipulated Order to conduct limited discovery, on November 8, 2018, prior to This Court's Rule 26 Discovery Conference (ECF No. 31). The Order permitted the following:

1.      Each party may serve up to 40 interrogatories;
2.      Each party may serve up to 30 requests for admissions;
3.      Each party may serve up to 20 requests for production of documents and tangible things.

*Id.*

On December 13, 2018, Plaintiff served his First Request for Production of Documents, Electronically-Stored Information, and Tangible Things, on the City of Detroit. ("City")(Ex. 1)("Request to Produce") Plaintiff's 20 Requests for Production comply with the Court's Order and Fed. R. Civ. P. 34, stating with particularity each item and category of items to be produced, including 24 narrowly-tailored definitions. *Id.*

The City's objections and/or responses to Plaintiff's Request for Production were due on January 12, 2019 pursuant to Fed. R. Civ. P. 34(b)(2)(A). No responses or objections were forthcoming. On February 17, 2019, Plaintiff's counsel emailed the City's counsel requesting that the City respond by March 4, 2019. (Ex. 2) In lieu of Plaintiff filing a motion to compel, Defendant's counsel promised to hand deliver responses to Plaintiff's Request for Production at the Rule 26 Discovery Conference held on March 5, 2019. (ECF No. 26)

_____

[4] This Court declined supplemental jurisdiction over Plaintiff's state law claims on December 19, 2018, and dismissed Count I against Defendant, Person on January 29, 2019. (ECF No. 32 and 35)

At the conference, Defendant's attorney produced ten (10) CD's containing the following:

- Photographs of Ottava Via

- 16 interviews by the Detroit Police Department of Ottava Via Employees and witnesses[5]

- An unidentified voicemail recording

- The video of the incident from Ottava Via

- Interview of Timothy Leach by Detroit Police Department

- Recording of 911 calls

- 7 – one-page Internal Affairs Interview Forms – Consent Forms of Ottava Via employees.

(Ex. 3 – Document produced by Defendant, City at Rule 26 Discovery Conference and **only** attachment to its Responses to Plaintiff's Request for Production)

Defendant did not serve signed responses to Plaintiff's Request for Production as required by Fed. R. Civ. P. 26(g)(1)(B) and 34(b)(2).

On March 21, 2019, Defendant stated that it was "attaching about 37 additional documents" to the documents produced on March 5, 2019.  (Ex. 4)  However, no documents were attached to Defendant's email nor have they ever been produced.

Plaintiff's counsel responded to Defendant's March 21, 2019 email stating:

"Ed,

After reviewing the 10 discs produced, many statements including written statements) taken by internal affairs and/or the homicide task force was not produced, including: Fred Person, John Finger, Marcus Harris, Terry White, Anthony Frankenfeld, Jamie Robinson, Mohammad Abdullah, aka Carlos Harris, Orlando

---

[5] The CD's contain duplicate interviews.

Anderson, Keenan Jefferson, Gregory Pace, and David Thomas.

I know these statements were taken in the course of the internal and/or criminal investigation because I have spoken to some of the eye witnesses and I was at the preliminary hearing for Person and Leach.

I do not want documents sent peace meal.  I am requesting formal written responses to my long overdue Requests to Produce by March 31, 2019. If I do not have responses by that date, I will a motion to compel."

(Ex. 4)

On March 29, 2019, Defendant City served Responses to Plaintiff's Request for Production. (Ex. 5) Of the 20 Requests proffered by Plaintiff, Defendant responded to 16 of the Requests with the following:

"Defendant will produce the [insert requested document] by way of a www.box.com electronic access point, entitled Karpovich v. Detroit, et. al., Discovery Documents" accessible to all parties electronically through an electronic link."

(Ex. 5)   The only document attached to Defendant's responses was the same one-page outline of the contents of the CD's that was produced at the Rule 26 Discovery Conference which Defendant refers to as the City's "initial Rule 26(a) production." (Ex. 3)(*See also,* Ex. 5, Defendant's Response to Request to Produce No. 1)

Upon receiving the City's Responses, on March 29, 2019, Plaintiff's counsel wrote: "before I subscribe and pay for Box.com, please advice [sic] if the documents have been downloaded to the website.  The City's responses state that the Defendant "will" produce the documents."  (Ex. 6)  By April 3, 2019, the City's counsel stated that it was "still assembling data" and he was not certain how the drop box program worked.  *Id.*

Plaintiff counsel's frustration reached a breaking point on April 3, 2019, writing:

"I signed up and paid for a subscription.  Once you "drop" the documents in the box, you need to send us and invite telling us

6

they are there.

I appreciate your response that you will produce documents. However, Rule 34 states that you must object or produce the records within 30 days or specify a time when you will produce the records.   I am at a complete stand still with discovery as it pertains to the City without these documents. The discs contained some interviews, but not all of them. I requested 20 separate categories of documents. I need the files and documents I requested.

I am requesting that you "drop" all the documents in the drop box no later than April 15, 2019 or I will have no choice but to file a motion to compel their production."

(Ex. 6)

Defendant contacted Plaintiff's assistant on April 11, 2019 and promised to have the documents in the "drop box" by April 12, 2019.  No documents were produced.

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff's counsel certifies that she has, in good faith, conferred with Defendant's counsel, as evidenced by the email transmissions attached hereto, in an effort to obtain discovery responses without Court action.

## II.    ARGUMENT

### A.    Plaintiff is Entitled to an Order Compelling the Production of Documents.

It is undisputed that Defendant, City's Responses were served 2 ½ months late.  It is further undisputed that Defendant that of the 20 categories of documents requested, Defendant stated that it "will" produce responsive documents to 16 of the 20.  To date, no additional documents have been produced and Defendant has not provided a date certain as to when they will be produced.

Fed. R. Civ. P. 34(b)(2)(B) requires a response to a document request to "either state that inspection or related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including reasons.  The production must then be completed no later

7

than the time for inspection specified in the request or another reasonable time specified in the response."

Fed. R. Civ. P. 37(a)(3)(B)(iv) permits a party to move for an Order to Compel the production of documents where a party fails to respond. Further, an incomplete or evasive answer or response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(3)(C).

### 1.   **No Documents Produced**

The 16 Requests for Production that Defendant did not object or respond to other than stating that it "will produce" the documents must be treated as nonresponsive, incomplete, and therefore, a failure to respond. Fed. R. Civ. P. 37(a)(3)(C). Plaintiff is entitled to a full and complete response for these 16 requests.

Further, within these 16 requests respect, Plaintiff has requested documents in *either* their paper form or electronic form.  (Ex. 1, Requests for Production, Nos. 5, 6, 7, and 8)

5.     A copy of all CCR's, in paper form (DPD512), or electronically-stored in the MAS, from 2008 through March 11,2018, against Defendants, Timothy Leach or Frederick Person, and all documents regarding the adjudication of the complaint, pursuant to DPD Directive Number 102.6-9.

RESPONSE: Defendant will produce the requested MAS documents by way of a "www.box.com" electronic access point, entitled "Karpovich v. Detroit et. al.. Discovery Documents" accessible to all parties electronically through an electronic link.

6.     A copy of all Internal Complaints, in paper form, or electronically-stored in the MAS, from 2008 through March 11,2018 regarding Defendants, Timothy Leach or Frederick Person.

RESPONSE: Defendant will produce the requested MAS documents by way of a "www.box.com" electronic access point, entitled "Karpovich v. Detroit et. al.. Discovery Documents" accessible to all parties electronically through an electronic link.

7.     A copy of all UF-002 reports, either in paper form, or electronically-stored in the MAS, from 2008 through March 11, 2018, including the adjudication of the complaint, pursuant to DPD Directive Number 102.6-9.

8

RESPONSE: Defendant will produce the requested MAS documents by way of a "www.box.coni" electronic access point, entitled "Karpovich v. Detroit et. al., Discovery Documents" accessible to all parties electronically through an electronic link.

8.    A copy of all UF-002 and CCR reports completed by Timothy Leach, either in paper form, or electronically-stored in the MAS from 2008 through March 11, 2018.

RESPONSE: Defendant will produce the requested MAS documents by way of a "mvw.box.com" electronic access point, entitled "Karpovich v. Detroit et. al., Discovery Documents" accessible to all parties electronically through an electronic link.

(Ex. 1 and 5)

Defendant's response that it "will produce" documents from the City's Management Awareness System, or MAS database, is a failure to respond.  In anticipation of an Order to Compel by this Honorable Court, Plaintiff points out that he requested the documents in "paper form" if they exist.  If no such documents exist, Defendant must state that no other responsive documents exists. *See Mitchell v. City of Warren,* Case No. 09-CV-11480, 2012 WL 1405856, at *3 (E.D. Mich. Apr. 23, 2012)("If no such documents exist which have not already been produced Defendants must state as much in their response.").

### 2.    The Four Requests for Production That Were Answered.

Defendant responded to the following Request for Production:

1.    A copy of the original full and complete file pertaining to the Incident, including, but not limited to all files, file folders, notes, interoffice memorandum, records, investigation records, witness statements, reports, dispatch logs (whether computerized or handwritten), officer daily logs/ sheets (whether computerized or handwritten), shift commander daily logs/sheets (whether computerized or handwritten), of the DPD, including IAD, OCI, and/or the Homicide Task Force.

RESPONSE: Generally speaking Defendant will produce copies of the requested documents or electronically stored information in its possession, except where noted, in

9

response to these requests though some may be partially redacted. In some instances Defendant has already produced a significant volume of information in its initial Fed. R. Civ. P. 26(a) production on March 5, 2019 at the court ordered scheduling conference. See list attached as Exhibit A.

2.       A copy of the original full and complete Internal Controls file regarding the Incident, including but not limited to: all reports regarding DPD misconduct, all revisions and/or suggestions to DPD procedures where deficiencies were found to be a contributing factor in the misconduct, any recommendations for prosecution, pursuant to DPD Directive 102.6-4.3.

RESPONSE: Defendant submits that it has already produced the documents requested in its initial disclosure of materials listed in Exhibit A.

3.       A copy of all electronically-recorded videos, surveillance, DVD's or CD-ROMs from the inside and outside of the Ottava Via Restaurant on March 11, 2018 from 7:00 a.m. until the business closed on either March 11, 2018 or the early hours of March 12, 2018.

RESPONSE: Defendant submits that it has already produced the documents requested in its initial disclosure of materials listed in Exhibit A.

10.      A copy of all audio recordings from Defendants, Leach, Persons or any other unnamed DPD officers, on duty or off duty, pertaining to the Incident.
RESPONSE: Defendant submits that it has already produced the documents requested in its initial disclosure of materials listed in Exhibit A.

(Ex. 3)(Ex. 6)

First, Defendant did not submit initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and (g).[6] The Rule states that initial disclosures must state: 1) the name, address and telephone number of each individual likely to have discoverable information, and 2) a copy, or a description by category or location of all documents, electronically-stored information and tangible things that the disclosing party has in its possession. Fed. R. Civ. P. 26(a)(1)(A).

---

[6] This counsel represents Co-Defendants, James E. Craig and the Board of Police Commissioners.  Initial Disclosures were not submitted by these Defendants.

From the criminal investigation, the preliminary hearing, and Plaintiff's own investigation, Defendant failed to identify a considerable number of witnesses, including City of Detroit Police Officers, Internal Affairs Investigators, Homicide Task Force Investigators, and Ottava Via employees, and restaurant patrons.

Second, with respect to its Response to Request for Production Numbers 1 and 2, not one single investigative report and/or Internal Controls record has been produced.  Plaintiff is entitled to the full and complete investigative file, and the full and complete Internal Controls file as explained with specificity in the "Definitions" section of Plaintiff's Request for Production. Defendant cannot pick and choose pieces of the file to eventually download into the alleged "drop box."  Plaintiff is entitled to know the entire contents of the file, how it is stored, the names of all people involved in the investigation, etc . . .

Third, Plaintiff is entitled to a definite response regarding the audio and video recordings. Defendant produced a short voicemail recording on one of the CD's; CD No. 4. (Ex. 3) The identity of the person leaving a "voicemail" and to whom this person was calling, how it was procured, the date and time of the recording, etc. . . is all unknown.  Plaintiff requested additional video surveillance and additional audio recordings. (Ex. 1)

Further, CD No. 10, produced by Defendant at the March 5, 2019 Discovery Conference, contains seven (7), one-page Internal Affairs consent to interview forms of Ottava Via employees. (Ex. 7)  The forms state whether the interviews were recorded by audio or video – both.  Marianne Palumbo's interview was audio and video recorded.  No video of her interview was produced. Plaintiff is entitled to this video recording.  Plaintiff is further entitled to the nine (9) other consent forms of the known witnesses that were interviewed to determine if any other videos exist. Plaintiff knows that other witnesses were interviewed by the Internal Affairs and the Homocide

Task Force that were not produced.  (Ex. 4)  Defendant must produce the documents and respond whether such evidence exists.

    **B.**    <u>Failure to Timely Object or Respond, Constitutes a Waiver of Any Objections</u>.

Fed. R. Civ. P. 34 is structured that, in combination with Fed. R. Civ. P. 26(g)(1), both the requesting party and the Court may be assured that all responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.  However, the failure to object or respond within 30 days provided by Fed. R. Civ. P. 34 constitutes a waiver of all objections.  *See Carfagno v. Jackson National Life Ins. Co.,* Case No. 99-CV-118, 2001 WL 34059032 at *2 (W.D. Mich. Feb. 13, 2001)("The rule [that failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections] applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.")(internal quotation marks and citations omitted); *Hennigan v. General Electric Company*, Case No. 09-CV-11912, 2011 WL 13214444, at *3 (E.D. Mich. Jun. 1, 2011)("any objection to a request to produce, including an objection based upon a claim of privilege, must be made within 30 days of service of the request to produce."); *Anderson v. Furst*, Case No. 17-CV-12676, 2019 WL 952695 E.D. Mich. Feb, 27, 2019).

Defendant has waived all objections including any claims of privilege or attorney work product.

    **C.**    <u>Plaintiff is Entitled to Reasonable Expenses and an Attorney's Fee</u>.

Fed. R. Civ. P. 37(a)(5)(A) provides as follows:

> *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

conduct, or both, to pay the movant's reasonable expenses incurred in
making the motion, including attorney's fees.

Here, Plaintiff's counsel made multiple good faith efforts to seek compliance in the relief

sought in this motion.  Plaintiff provided the City with extensions and postponed filing a motion

to compel based upon the City's representations that it would produce the documents requested.

Plaintiff is at a serious informational disadvantage in prosecuting his claim against the City, the

police chief and the Board of Police Commissioners.  His "Monell Claim" requires that he prove

that the City has a "custom, policy or practice" of deliberate indifference in protecting citizens'

constitutional rights.  Namely, that by its failure to train, supervise, investigate, monitor and

discipline, the City ratified a policy of excessive force by its officers.  Its officers know they can

use unjustifiable excessive force, against citizens, without repercussions.

Defendant has provided no excuse for its failure to object and/or fully respond to Plaintiff's

Request for Production.  Plaintiff is entitled to sanctions under Fed. R. Civ. P. 37.

### III.   RELIEF REQUESTED

For the reasons stated above, Plaintiff respectfully requests that This Honorable Court grant

his Motion to Compel Responses to Plaintiff's First Request for Production, Electronically-Stored

Information and Tangible Things, and enter the following Order:

> a.   Defendant must produce full and complete responses to Plaintiff's
> First Request for Production, Electronically-Stored Information and
> Tangible Things, within 10 days;
>
> b.   If Defendant is withholding any documents and/or cannot produce a
> documents requested, it must state with specificity the reason(s) the
> document is being withheld or cannot be produced;
>
> c.   Defendant is precluded from objecting to any of Plaintiff's First Request for
> Production, Electronically-Stored Information and Tangible Things
> because all objections have been waived; and

d.   Sanctions against Defendant are Granted and Defendant must pay Plaintiff's reasonable expenses and an attorney's fee.

Respectfully submitted,

MIKE MORSE LAW FIRM

*/s/ Jennifer G. Damico*

By:   _____
JENNIFER G. DAMICO P51403
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, MI  48075
(248) 350-9050

April 22, 2019

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which send notification of such filing to all counsel of record.

Respectfully submitted,

MIKE MORSE LAW FIRM

*/s/ Jennifer G. Damico*

By: _____
JENNIFER G. DAMICO P51403
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, MI  48075
(248) 350-9050

April 22, 2019