# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TROY KARPOVICH, as guardian of
MICHAEL R. KARPOVICH, a legally-
incapacitated person,

       Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
JAMES E. CRAIG, in his official capacity,
DETROIT BOARD OF POLICE COMMISSIONERS,
TIMOTHY L. LEACH, FREDERICK E.
PERSON, DETROIT POLICE OFFICERS
JOHN DOES 1 – 5, in their individual and
official capacities, TIMOTHY L. LEACH
d/b/a T. LEACH ENTERPRISE, and
EIGHTH STREET VENTURES, LLC,
d/b/a Ottava Via,

       Defendants.

Case No. 2:18-cv-12247-SFC-DRG

Honorable Sean F. Cox
Magistrate David R. Grand

**JOINT STATEMENT OF UNRESOLVED ISSUES RE: PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, TO CITY OF DETROIT**

_____/

**JENNIFER G. DAMICO P-51403**
**HOLLAND C. LOCKLEAR P-82236**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050; Fax: (248) 281-9110
jdamico@855mikewins.com
hlocklear@855mikewins.com

**MICHAEL T. RYAN P-53634**
**REBECCA S. AUSTIN P-53919**
MERRY, FARNEN & RYAN, P.C.
Attorneys for Defendant Eight Street Ventures
LLC d/b/a Ottava Via
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
(586) 776-6700; Fax (586) 776-1501
mryan@mfr-law.com
raustin@mfr-law.com

1

**SCOTT L. FEUER P-38185**
Attorney for Defendant Frederick E. Person
888 West Big Beaver Rd., Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
Fax (248) 723-7857
sfeuer@fklawyers.com

**EDWARD V. KEELEAN P-29131**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants City of Detroit, James E. Craig and Detroit Board of Police Commissioners
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3059; Fax (313) 224-5505
keele@detroitmi.gov

**JOHN J. GILLOOLY P-41948**
**ANTHONY P. MONTICCIOLO P-76013**
GARAN LUCOW MILLER, P.C.
Attorneys for Defendant Timothy Leach
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com

**TIMOTHY L. LEACH**
ProSe for Timothy L. Leach dba T. Leach Enterprise
13198 Stratford Drive
Sterling Heights, MI 48313
(313) 475-8564
leachenterprise@gmail.com

_____/

**PLAINTIFF AND DEFENDANT, CITY OF DETROIT'S, JOINT STATEMENT OF UNRESOLVED ISSUES REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY-STORED INFORMATION AND TANGLIBLE THINGS, TO CITY OF DETROIT**

I. **PLAINTIFF'S SECOND SUPPLEMENTAL STATEMENT OF FACTS**

Since April 22, 2019, Defendant, City of Detroit (COD) has uploaded over 874 individual files onto an internet platform called Box.com.[1] The uploading of documents has been random, continuous, and without notice to Plaintiff or any other party. As of the writing of this Joint Statement, the COD continues to upload documents without any notification to the parties, or the

---

[1] www.box.com. Plaintiff's counsel will provide the Court with her user ID and Password if the Court desires to review the format and the documents produced.

requisite supplementation of its discovery responses. It is only by Plaintiff's counsel logging onto the site daily, that the discovery of additional and/or corrective information is obtained.[2]

Fed. R. Civ. P. 26(e)(1)(A) requires a party to supplement a discovery response "in a timely manner if the party learns that in a material respect the disclosure or response is incomplete or incorrect. *SPX Corp. v. Bartec USA, LLC,* 574 F. Supp. 2d 748 (E.D Mich. 2008).

The COD has had over 7 months to compile responses to Plaintiff's discovery. Plaintiff is entitled to assurances that it has all the requested documents ***prior*** initiating costly and time-consuming depositions of the Defendant officers, Co-Defendants and investigating officers.

This Honorable Court imposed a date-certain upon which the COD was to produce all documents requested by Plaintiff, in its possession and control, and to serve supplemental responses to Plaintiff's discovery: June 4, 2019. Defendant, COD, served its Revised and Supplemental Responses to Plaintiff's First Request for Production of Documents, Electronically-Stored Information and Tangible Things, on June 4, 2019. (Exhibit 1).

However, from June 4, 2019 until today, it has uploaded 15 additional files (5 on June 12, 2019) to "Box.com." From a cursory review of the 15 files, its June 4, 2019 responses are outdated, incorrect or in need of supplementation.

In addition to This Court requiring responses by June 4, 2019, it also stated that the documents must be produced in a format that comports with Fed. R. Civ. P. 34(b)(2)(E), which states:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce the documents as they are kept in the usual course of business or *must organize and label them to correspond to the categories in the request*;

---

[2] Documents were uploaded on April 22, May 8, May 17, May 20, May 24, June 3, June 4, June 6, June 11 and June 12.

Fed. R. Civ. P. 34(b)(2)(E)(i)(emphasis added).

First, within 874 individual file, 85,000 pages of cellular telephone records were produced in a non-searchable format. The cellular telephone records also contain "chat" records, images (only "thumb nail" images produced), videos, and other responsive information and/or links thereto that cannot be accessed in the format produced by the COD.

Second, 4 recorded interviews of parties and key witnesses were produced via an unplayable format called "Genentec" including the recorded interviews the 4 security officers working at Ottava Via during the incident.

Third, while the COD has labeled certain "folders" the information in the folders is not consistent with the label, or documents produced do not correspond to any of any of Plaintiff's Request for Production.

For example, the folder entitled "Evidence" is not assigned to any of Defendant's Supplemental Responses to Plaintiff's Request for Production. This folder contains the following PDF documents: Credit Card Batch Detail, ER Report Michael Karpovich, Jalisa Foster Facebook Video, JP Morgan Chase Victim CC Activity, Ottava Via 2017 Parade Itinerary, Ottava Via 2018 Parade Itinerary and "Sketch."

Another folder entitled "Ottava Via Footage" contains 17 DPD CCR (Citizen Complaint Records) Reports, DPD Homicide Investigation Report, DPD MAS Leach, DPD MAS Person, and DPD OCI Officer Complaint History F. Person.

Plaintiff is entitled to know where these documents came from, that is – which section of the DPD gathered and/or produced them and to which request they are responsive. As stated in his prior briefs, at least two, possibly three separate division of the police department investigated

this incident. It is crucial to Plaintiff's claim against the COD to discern which division within the department generated and/or gathered these documents are part of their investigation.

Lastly, several of Defendant's supplemental responses are non-responsive and Plaintiff is entitled to an Order Compelling Responses as stated in his original Motion to Compel, Brief in Support of Motion, Supplement Brief in Support and this Joint Statement of Unresolved Issues.

Defendant COD is in violation of the Court's mandate by its continuous uploading of relevant and material documentation. Plaintiff is entitled to sanctions.

## II. DEFENDANT'S COUNTER STATEMENT OF FACTS

**Defendant's Detroit, Craig and Detroit Board of Police Commissioners Response Re: Document Production:**

Defendant has uploaded thousands of pages of document to an on-line data base in the form and format they were assembled by various segments of the Detroit Police Department and City of Detroit.

While the material is cumbersome to manage it is available for review by all parties, using the file headings and descriptions contained in the original media. Defendant submits that they have fully co-operated in assembling the material and making it available consistent with criteria set forth in Fed. R. Civ. P. 26 (b)(1).

Defendant continues to supplement the on line documents as added information becomes available such as the Garrity interview of Defendant Fred Person which can be located in the subfile "Suspect" under the title "DPD IA Garrity Fred Person.MP3". Similarly, Defendant supplemented the data base when it became apparent that the cell phone data for Defendant Timothy Leach's personal phone was omitted. At present Defendants have uploaded 878 files in response to the Plaintiff's document request and is willing to supplement if appropriate.

5

### III. UNRESOLVED ISSUES WITH DEFENDANT'S RESPONSES

The parties stipulated to 20 Request for Production of Documents prior to the Rule 26 Discovery Conference. (ECF No. 31). Plaintiff's remaining issues with each of Defendant's Responses is outlined below.

**REQUEST TO PRODUCE #2:**

A copy of the original full and complete Internal Controls file regarding the Incident, including but not limited to: all reports regarding DPD misconduct, all revisions and/or suggestions to DPD procedures where deficiencies were found to be a contributing factor in the misconduct, any recommendations for prosecution, pursuant to DPD Directive 102.6-4.3.

DEFENDANT'S SUPPLEMENTAL RESPONSE

Defendant will produce copies of the requested documents or electronically stored information in its possession, except where notes, in response to these requests though some may be partially redacted. In some instances Defendant has already produced a significant volume of information in its initial Fed. R. Civ. P. 26(a) production on March 5, 2019 at the court ordered scheduling conference. See list attached as Exhibit A. *Defendants have also uploaded all documents from the Internal Affairs and Homicide Task Force investigation of this matter onto the "Box" data base under the file heading of "18-12247: Karpovich Documents."*

PLAINTIFF'S ISSUES AND PERCEIVED DEFICIENCIES WITH RESPONSE #2:

Defendant's response and supplemental response is non-responsive to Plaintiff's Request for Production. Plaintiff requested the "**Internal Controls**" file which is a separate and distinct section/department within the DPD. As stated in his Supplemental Brief to Defendant's Response to Plaintiff's Request for Production, it is unclear to Plaintiff whether any documents produced were from the **"Internal Controls"** file pursuant to DPD Directive 102.6-4.3 as described with particularity in the "Definitions" section of Plaintiff's Request for Production of Documents.

After reviewing **all** documents and data produced through June 6, 2019, the following responsive documents were not produced:

- <u>All</u> reports regarding DPD misconduct; and
- <u>All</u> revisions and/or suggestions to DPD procedures where deficiencies were found to be a contributing factor in the misconduct.

Pursuant to Fed. R. Civ. P. 34(b)(2)(B) and (C) Defendant's response is insufficient and incomplete. Plaintiff is entitled to a supplemental response stating that Defendant: 1) has produced all requested documents in its possession and control, 2) whether any responsive materials are being withheld; and 3) the reason the responsive materials are being withheld.

Plaintiff further maintains that Defendant has waived any objections by its failure to respond or object to Plaintiff's Request for Production of Documents within 30 days as provided by Fed. R. Civ. P. 34.

### **REQUEST TO PRODUCE #7:**

A copy of all UF-002 reports, either in paper form, or electronically-stored in the MAS, from 2008 through March 11, 2018, including the adjudication of the complaint, pursuant to DPD Directive Number 102.6-9.

DEFENDANT'S SUPPLEMENTAL RESPONSE:

Defendant will produce the requested MAS documents by way of a www.box.com electronic access point, entitled "Karpovich v. Detroit, et. Al., Discovery Documents" accessible to all parties electronically through an electronic link. *Defendant has uploaded to the data base "Annual Use of Force Summaries for 2014 to 2019. The prior years summary documents responsive to this request will be provided when available. A search is still ongoing on the availability of files for the individual file incidents contained in the summary.*

PLAINTIFF'S ISSUES AND PERCEIVED DEFICIENCIES WITH RESPONSE #7:

Defendant's supplemental response is nonresponsive to Plaintiff's request. Defendant did produce one-page summaries for Use of Force Statistics for the years 2008 through 2019. (Exhibit 2). However, these summaries are not responsive to Plaintiff's request. Defendant was served with Plaintiff's Request for Production in December of 2018. It is now June of 2019.

While it produced limited documentation with respect to Defendant, Leach, this Request sought documentation for *__all__* UF-002 (Use of Force) reports, and the adjudication of the complaint pursuant to DPD Directive Number 102.6-9.[3] In addition to a UF-002 report, City policy mandates additional the completion of documents, including a Supervisor Investigation and Report (SIR), or UF-002A, a CRISNET Report, and notification to the Communications Section. Supervisors must conduct interviews. An investigatory report must be completed and submitted to the Force Investigations Division. (Use of Force and Detainee Injury Reporting/Investigation, DPD Directive - 201.11 *et seq.*)

Plaintiff further maintains that Defendant has waived any objections by its failure to respond or object to Plaintiff's Request for Production of Documents within 30 days as provided by Fed. R. Civ. P. 34.

Plaintiff is entitled to five (5) years of UF-002 reports from the City and the adjudication of the complaint pursuant to DPD Directive Number 102.6-9, because: 1) the documents are relevant to Plaintiff's claims against the City, Defendants, Board of Police Commissioner and James E. Craig, 2) the documents are not subject to any privilege (that has been waived), and 3) the request for the documents is proportional to the needs of the case considering the importance of Plaintiff being able to build his "Monell Claim" against the institutional Defendants and the seriousness of Plaintiff's injuries.

These documents are especially important considering the City's position that Defendants, Leach and Person, are not entitled to indemnification from the City for any potential verdict and/or settlement in this matter.

**REQUEST TO PRODUCE #10:**

---

[3] The UF-002 report is the DPD form or document that refers to the Use of Force and/or Detainee Injury Report by a member of the department.

A copy of all audio recordings from Defendants, Leach, Persons or any other unnamed DPD officers, on duty or off duty, pertaining to the Incident.

DEFENDANT'S SUPPLEMENTAL RESPONSE:

Defendant submits that it has already produced the documents requested in its initial disclosures of materials listed in Exhibit A. *These audio recordings are grouped in the data base under the file entitled "Witness Interviews" which would generally include the audio recording of the interview.*

PLAINTIFF'S ISSUES AND PERCEIVED DEFICIENCIES WITH RESPONSE #10:

As stated above, 4 recorded interviews of key witnesses were produced via an unplayable format called "Genentec" including the security officers working at Ottava Via during the incident. Plaintiff is entitled to the statements in a playable format.

Further, there is a voice mail recording in the documents and data produced by Defendant. Plaintiff does not know: 1) the identity of the person leaving the message, 2) the telephone number from where the call was made, 3) the identity of the person receiving the message, and 4) the date and time of the message. Plaintiff is entitled to a response.

**REQUEST TO PRODUCE #14:**

A copy of all DPD568 forms or memoranda, interoffice requests, interoffice memos, emails, electronically-stored data and information, authorizations and/or approvals (DPD525), denials, renewals, reviews, appeals, notices and/or memoranda, between Timothy Leach and/or T. Leach Enterprise, and the DPD regarding any application for Off Duty Employment by Leach from 2013 to March 11, 2018.

DEFENDANT'S RESPONSE:

Defendant will produce the requested items or documents by way of a www.box.com electronic access point, entitled "Karpovich v. Detroit, et. Al., Discovery Documents" accessible to all parties electronically through an electronic link.

PLAINTIFF'S ISSUES AND PERCEIVED DEFICIENCIES WITH RESPONSE #14:

***Defendant did not supplement this response.***

Pursuant to Fed. R. Civ. P. 34(b)(2)(B) and (C) Defendant's response is insufficient and incomplete. Plaintiff is entitled to a supplemental response stating that Defendant: 1) has produced

9

**all** requested documents in its possession and control, 2) whether any responsive materials are being withheld; and 3) the reason the responsive materials are being withheld.

Plaintiff maintains that Defendant has waived any objections by its failure to respond or object to Plaintiff's Request for Production of Documents within 30 days as provided by Fed. R. Civ. P. 34.

**REQUEST TO PRODUCE #15:**

A copy of all DPD568 forms or memoranda, interoffice requests, interoffice memos, emails, electronically-stored data and information, authorizations and/or approvals (DPD525), denials, renewals, reviews, appeals, notices and/or memoranda, between Frederick Person and the DPD regarding any application for Off Duty Employment by Person from 2013 to March 11, 2018.

DEFENDANT'S RESPONSE:

Defendant will produce the requested items or documents by way of a www.box.com electronic access point, entitled "Karpovich v. Detroit, et. Al., Discovery Documents" accessible to all parties electronically through an electronic link.

PLAINTIFF'S ISSUES AND PERCEIVED DEFICIENCIES WITH RESPONSE #15:

***Defendant did not supplement this response although it did produce an email in one of its document "drops."***

Pursuant to Fed. R. Civ. P. 34(b)(2)(B) and (C) Defendant's response is insufficient and incomplete. Plaintiff is entitled to a supplemental response stating that Defendant: 1) has produced **all** requested documents in its possession and control, 2) whether any responsive materials are being withheld; and 3) the reason the responsive materials are being withheld.

Plaintiff maintains that Defendant has waived any objections by its failure to respond or object to Plaintiff's Request for Production of Documents within 30 days as provided by Fed. R. Civ. P. 34.

## IV.   RELIEF REQUESTED BY PLAINTIFF

For the reasons stated above, Plaintiff respectfully requests that This Honorable Court grant his Motion to Compel Responses to Plaintiff's First Request for Production, Electronically-Stored Information and Tangible Things, and enter the following Order:

a. Defendant must produce full and complete SECOND SUPPLEMENTAL RESPONSES to Plaintiff's First Request for Production, Electronically-Stored Information and Tangible Things, Request Numbers: 2, 7, 10, 14 and 15, within 10 days;

b. Defendant must produce the audio-recorded statements of the following witnesses/parties in a mutually-agreeable format, within 10 days;

> David Thomas
> Gregory Pace
> Keenan Jefferson
> Orlando Anderson
> Timothy Leach – if different than the WMA-formatted interview

c. If Defendant is withholding any documents and/or cannot produce a document requested, it must state with specificity the reason(s) the document is being withheld or cannot be produced;

d. Defendant is precluded from objecting to any of Plaintiff's First Request for Production, Electronically-Stored Information and Tangible Things because all objections have been waived; and

e. Sanctions against Defendant are Granted, and Defendant must pay Plaintiff's reasonable expenses and an attorney's fee.

Respectfully submitted,

MIKE MORSE LAW FIRM

By: */s/ Jennifer G. Damico*
_____
JENNIFER G. DAMICO P51403
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, MI  48075
(248) 350-9050

Section II, only,      By:    /s/ *Edward V. Keelean*

                                                    EDWARD V. KEELEN (P29131)
                                                  CITY OF DETROIT LAW DEPARTMENT
                                                  Attorneys for Defendants, COD, James E. Craig, and Detroit Board of Police Commissioners
                                                  2 Woodward Ave., Suite 500
                                                  Detroit, MI 48226
                                                  (313) 237-3059

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which send notification of such filing to all counsel of record.

Respectfully submitted,

MIKE MORSE LAW FIRM

By: */s/ Jennifer G. Damico*
_____
JENNIFER G. DAMICO P51403
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, MI  48075
(248) 350-9050

June 12, 2019